UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TIMOTHY SNIPES,

    Plaintiff,

vs.

METRO PARKING CORP. d/b/a Parksafe Systems, a Florida profit corporation, DESIGN SUITES MIAMI, INC. d/b/a Design Suites at Castle Beach, and MYAT MAUNG, an individual,

    Defendants.
_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff TIMOTHY SNIPES ("Plaintiff"), who was an employee of Defendants METRO PARKING CORP. d/b/a Parksafe Systems, a Florida profit corporation, DESIGN SUITES MIAMI, INC. d/b/a Design Suites at Castle Beach, and MYAT MAUNG, an individual (together, "Defendants"), and files this Complaint for unpaid minimum and overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*.

### I.    **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' valet operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

## II.     PARTIES

3. Plaintiff TIMOTHY SNIPES ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant METRO PARKING CORP. d/b/a Parksafe Systems ("Parksafe Systems") is a Florida profit corporation that owns and operates Parksafe Systems, the valet parking operation which jointly employed Plaintiff, located at 8300 NW 7th Avenue, Miami, Miami-Dade County, Florida.

5. DESIGN SUITES MIAMI, INC. d/b/a Design Suites at Castle Beach is a Florida profit corporation which operates the hotel where Plaintiff was employed as a valet parker and which was his joint employer, located at 5445 Collins Avenue, Miami Beach, Miami-Dade County, Florida.

6. Defendant MYAT MAUNG ("Maung"), an individual and *sui juris*, is a manager and owner of Parksafe Systems. Maung acted directly and indirectly in the interest of Parksafe Systems and had the power to direct employees' actions.  Maung had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Parksafe Systems in accordance with the FLSA, making Defendant Myat Maung an employer pursuant to 29 USC § 203(d).

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

### III.     COVERAGE

7. During the all material times, Defendant METRO PARKING CORP. d/b/a Parksafe Systems was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. During the all material times, Defendant DESIGN SUITES MIAMI, INC. d/b/a Design Suites at Castle Beach was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

10. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.     FACTUAL ALLEGATIONS

11. Defendants own and operate the valet parking operation at which Plaintiff was employed, in Miami-Dade County, Florida.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

12. This action is brought pursuant to the FLSA for unpaid minimum and overtime wage compensation, liquidated damages, and other relief.

13. Plaintiff was a non-exempt hourly employee who worked for Defendants as a valet parker during the period from July, 2016 to November 30, 2016, approximately.

14. Plaintiff was not paid for all hours worked throughout this period.

15. Plaintiff was not paid at the overtime rate of one-and-a-half times his regular rate of pay for hours worked in excess of 40 per week.

16. Throughout his employment, Plaintiff incurred bank fees because of paychecks that were dishonored, thereby lowering his pay below the minimum wage.

17. Plaintiff has repeatedly requested his pay owed but has never been paid.

18. Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

22. By refusing to pay Plaintiff for hours worked, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

4

23. As a direct and proximate result of refusing to pay Plaintiff for hours suffered or permitted in Defendants' employ, Plaintiff has been damaged for one or more weeks of work with Defendants.

   WHEREFORE, Plaintiff TIMOTHY SNIPES demands judgment in his favor and against Defendants as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

26. Defendants also willfully and intentionally refused to pay Plaintiff at the overtime rate of one-and-a-half times his regular rate of pay for all hours worked in excess of 40 per week.

27. Defendants owe Plaintiff the full overtime wage rate for all hours worked in excess of 40 per week.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. As a direct and proximate result of refusing to pay Plaintiff at a rate of one-and-a-half times his regular rate of pay for hours suffered or permitted in Defendants' employ in excess of 40 per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

   WHEREFORE, Plaintiff TIMOTHY SNIPES demands judgment in his favor and against Defendants as follows:

   a) Award to Plaintiff for payment of all hours worked in excess of forty hours per week at the full overtime wage rate;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the full overtime wage rate owed under the FLSA;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

29. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein, and further alleges as follows:

30. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

31. Defendants did not rely on a good faith defense under the FLSA in suffering or permitting Plaintiff to work without proper compensation.

32. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

33. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE Plaintiff TIMOTHY SNIPES demands the entry of judgment in his favor and against Defendants METRO PARKING CORP. d/b/a Parksafe Systems, DESIGN SUITES MIAMI, INC. d/b/a Design Suites at Castle Beach, and MYAT MAUNG as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 13th day of December, 2016.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.
> Florida Bar No. 75320
> robert@kuvinlaw.com
> legal@kuvinlaw.com
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> Fax: 305.358.6808
> *Attorney for Plaintiff*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 13, 2016**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                        By: **s/Robert W. Brock II**
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**SNIPES v. METRO PARKING CORP, DESIGN SUITES MIAMI, INC & MAUNG
CASE NO.:
Service List**

**Robert W. Brock II, Esq.**
Fla. Bar No.: 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Emails: robert@kuvinlaw.com;
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808